Nathaniel MOSLEY et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a corporation (Chevrolet St. Louis Division) (Fisher Body Division), and Local 25, United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants.

No. 72 C 551 (3).

United States District Court,
E. D. Missouri, E. D.

Oct. 11, 1973.

Order Nov. 8, 1973.

Louis Gilden, St. Louis, Mo., Jack Greenberg and William L. Robinson, New York City, for plaintiffs.

Barnard, Timm & McDaniel, St. Louis, Mo., for defendant General Motors Corp.

Levin & Weinhaus, St. Louis, Mo., for defendant Local 25 UAW.

John A. Fillion, Edwin G. Fabre, Detroit, Mich., for Local 25.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on the motions of one of the defendants, General Motors Corporation (hereinafter referred to as General Motors), to strike portions of each count of Plaintiffs' twelve-count complaint, to dismiss Counts XI and XII, to make portions of Counts I through XII more definite, to determine the propriety of Counts XI and XII as class actions, to limit the scope of the class purportedly represented, and to determine under which section of Rule 23 of the Federal Rules of Civil Procedure Counts XI and XII are maintainable as class actions.

Plaintiffs, eight of whom are employed by General Motors at its Chevrolet Motors Division facility in St. Louis, Missouri, and two of whom are employed by General Motors at its Fisher Body Division facility in St. Louis, Missouri, bring this action individually in Counts I through X, and as members and representatives of the class of black employees at the Chevrolet Division located in St. Louis, Missouri, in Count XI. In Count XII, the two plaintiffs who are employed by Fisher Body Division also bring this action as members and representatives of the class of black employees in the Fisher Body Division located in St. Louis, Missouri. The class which plaintiffs seek to represent in Count XI is further defined in that count as "black employees who have been employed by Chevrolet Division, St. Louis, Missouri, who have been and continue to be or might be adversely affected by the practices complained of herein, and members of Local 25, United Automobile, Aerospace and Agricultural Implement Workers of America." The class which the plaintiffs employed by Fisher Body Division seek to represent is defined in exactly the same language except that "Fisher Body Division" is substituted for "Chevrolet Division".

Plaintiffs in their complaint seek the protection of, and redress for the deprivation of, rights secured by 42 U.S.C. § 1981, 2000e–2(a)(1) and (2), 2000e–2(c)(1), (2), and (3), and 2000e–3(a) and (b). This Court is alleged to have jurisdiction under 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e–5(f).

Plaintiffs, on behalf of themselves and the class they purport to represent, seek both injunctive relief from and back pay lost because of alleged unlawful employment practices. It is alleged in each count of the complaint that General Motors has intentionally engaged in unlawful employment practices by:

"a) Discriminating against Negroes as regards promotions, terms and conditions of employment;

"b) Retaliating against Negro employees who protested actions made unlawful by Title VII of the Act and by discharging some because they protested said unlawful acts;

"c) Failing to hire Negro employees as a class on the basis of race;

"d) Failing to hire females as a class on the basis of sex;

"e) Discharging Negro employees on the basis of race;

"f) Discriminating against Negroes and females in the granting of relief time."

It is further alleged in each count of the complaint that "said plaintiff lost wages by reason of said unlawful employment practices of defendants, and has earned less money than he would have earned because of said unlawful employment practices."

Each of the individual plaintiffs has filed a complaint with the Equal Employment Opportunity Commission (EEOC). On May 11, 1972, the EEOC, considering simultaneously approximately seventy charges, including the charges plaintiffs filed against the Chevrolet and Fisher Body Divisions, determined that reasonable cause existed to believe that General Motors had engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended. The determination of the EEOC was attached to plaintiffs' complaint and incorporated therein. The unlawful employment practices of General Motors which the EEOC found reasonable cause to believe existed are identical to those alleged in plaintiffs' complaint.

An affidavit was filed in support of defendant's motions. The affidavit placed before the Court employment records of the individual plaintiffs and the charges filed by the individual plaintiffs with the EEOC. These documents, along with the determination of the EEOC which was incorporated in plaintiffs' complaint, show that this Court is presented with a situation similar to that facing the court in Smith v. North American Rockwell Corporation, Tulsa Division, 50 F.R.D. 515 (N.D.Okla. 1970), where that court observed that the case presented a variety of issues having little relationship to one another except for the fact that the same defendant was involved. The complaints filed with the EEOC by plaintiffs show a great variety of issues. The only portions of those complaints that have a common element and are made by more than one of the plaintiffs are the general allegations of discrimination and the allegations of five of the eight plaintiffs employed by the Chevrolet Division and of one of the plaintiffs employed by the Fisher Body Division that they had been discharged for complaining and protesting about the racially discriminatory practices of the company.

The court in Smith v. North American Rockwell Corporation, Tulsa Division, supra, considered the question of misjoinder. The court relied on Rule 20(a), Federal Rules of Civil Procedure, which requires that there must be a right to relief arising out of the same transaction, occurrence or series of transactions or occurrences, and that must be a question of law or fact common to all of the plaintiffs which will arise in the action. Statements made in that case are directly applicable to the instant situation. In that case the court held at pages 522, 523:

"[L]itigation of even any purported general policy of defendant, as it might affect each plaintiff here, would inevitably focus in detail on the separate work histories of each plaintiff. On its face it would be practically impossible to litigate fairly and efficiently in one lawsuit all of the factual and legal issues which the present plaintiffs seek to raise. It would be unnecessarily burdensome and time-consuming for all the parties to do so. The determination of the facts and scope of the testimony, and defenses

relating thereto, with respect to one plaintiff would have little relevance to issues raised by another plaintiff. Instead, there would be an evaluation of the administration of varying company rules by different supervisory personnel in different departments, all in the context of dissimilar job functions. Such assessment would require a most precise and careful weighing of individual motives within quite different contexts. * * * Only in an ultimate and abstract sense do the allegations of the complaint share anything in common: all deal with purported racial discrimination in employment. On the immediate and practical level, which must govern the application of Rule 20(a), plaintiffs separately question their treatment by those persons who act, and have acted, as their supervisors. * * *

"In practical effect, there would inescapably be as many separate lawsuits as parties plaintiff. The disadvantage would be, however, that each would be heard end-to-end, and each party would await the hearing of evidence as to all others. * * *

"Given the foregoing analysis, it seems quite clear that in any practical sense there is no common occurrence or transaction among the plaintiffs, and that joinder of these plaintiffs in a single action is therefore improper on that ground."

All of the individual plaintiffs join in bringing Count XI, and two join in bringing Count XII, which counts purport to be class actions seeking injunctive relief from alleged discriminatory practices based upon both race and sex, and monetary relief.

Insofar as sex discrimination is concerned, there was filed in this Court on June 26, 1972 (approximately three months before this case was filed), a sex discrimination case by the Equal Employment Opportunity Commission against the General Motors Corporation, being Case No. 72C 395(A). On Janu-

ary 9, 1973, a consent decree was entered in that case. The Chevrolet Division and the Fisher Body Division of General Motors located in St. Louis, Missouri, referred to in the complaint before the Court in Counts XI and XII, respectively, were the divisions involved in Case No. 72C 395(A). The consent decree in 72C 395(A) discloses those two divisions were merged in 1971 into the now General Motors Assembly Division, St. Louis, Missouri.

The disposal of the EEOC case referred to may enter into the question of pleadings in case action Counts XI and XII with respect to alleged sex discrimination violation.

At the hearing on the motions in the matter before the Court it was indicated by plaintiffs' attorney that it would probably take years to complete the discovery of the purported class actions in Counts XI and XII. From past experience with individual cases similar to the individual claims stated in each of Counts I to X, brought as a result of issues raised during proceedings before the Equal Employment Opportunity Commission, it would probably take less than two weeks to try each of those counts. Each of these ten counts would require a separate trial.

Although the courts have given a liberal interpretation to Rule 20 of the Federal Rules of Civil Procedure, this Court does not believe that it was ever intended that permissive joinder of plaintiffs should be permitted in a case which would require so many separate trials, and particularly where some involved are class actions.

This case in its present status, in the Court's opinion, presents a variety of issues having little relationship to one another, and is completely unmanageable. There is no reason that each of the plaintiffs in Counts I to X could not have their day in court within the next few months if filed separately, and they should not be delayed by a class action. The only problem common to all counts

is the fact that there is one defendant. The pleadings and affidavits disclose that each of these plaintiffs claims insofar as the first ten counts are concerned are primarily based upon facts that pertain to that individual plaintiff. When we come to Counts XI and XII, a completely different picture is presented. If these counts can be maintained as class actions, it will take years to dispose of them by trial unless they are limited to injunctive relief. In the Court's opinion it was never intended that class actions and individual counts, all of which require substantial trial time and must be tried separately, should be brought in one suit. The range of issues involved in this lawsuit exceeds management bounds and requires severance of the parties plaintiff.

It is hereby ordered that each plaintiff must bring a separate action based upon his complaint, duly and separately filed, insofar as the first ten counts are concerned, and a separate action by each or all of the plaintiffs jointly insofar as the class action is concerned.

Each plaintiff shall bring a separate action based upon a complaint duly and separately filed, and it is hereby ordered that insofar as the first ten counts are concerned, those ten counts shall be severed into ten separate causes of action, leaving open to each of the plaintiffs herein, individually or collectively, the right to allege a separate cause of action on behalf of any class of persons which such plaintiff or plaintiffs may separately or individually represent under Rule 23 of the Federal Rules of Civil Procedure, and each plaintiff shall have thirty days from and after the date of this order within which to file a separate complaint, stating a cause of action based upon transactions and occurrences which have been the object of the complaint herein.

## ORDER

The Court on October 11, 1973, in the above styled case entered a memorandum and order. On October 16, 1973, the plaintiffs filed a motion for reconsideration of the Court's order of October 11, 1973, or in the alternative to make said order appealable, which motion was heard by the Court on October 19, 1973, and the Court ordered, adjudged and decreed that in the opinion of the Court the Court's original order involved a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this order may materially advance the ultimate determination of the litigation, and further ordered that any of the parties may make application for an appeal under the provisions of 28 U.S.C. § 1292(b), and if an appeal is permitted the proceedings are stayed until further order.

Thereafter, on that same date, the plaintiffs filed an application for permission to take an appeal of this action under 28 U.S.C. § 1292(b) to the Eighth Circuit Court of Appeals.

On October 26, 1973, one of the defendants, General Motors Corporation, filed its cross-application for permission to take an appeal under 28 U.S.C. § 1292(b).

Neither of said applications for permission to appeal has been acted upon by the Eighth Circuit Court of Appeals, and the Court's order granting the right to make application for such appeal stayed the Court's original order in the event an appeal is permitted, but the thirty days granted to the plaintiffs to file separate complaints as ordered by this Court in its original memorandum and order will expire on November 10, 1973.

Accordingly, the Court hereby orders that that part of the last five lines on page 8 of the memorandum and order of the Court entered on October 11, 1973, reading as follows:

"and each plaintiff shall have thirty days from and after the date of this order within which to file a separate

complaint, stating a cause of action based upon transactions and occurrences which have been the object of the complaint herein,"

shall be stricken and the following is inserted in lieu thereof:

"and each plaintiff shall have thirty days from and after the date of this order; or if an application for permission to take an appeal filed by the plaintiffs under 28 U.S.C. 1292(b) is denied, thirty days after the denial of such application by the Eighth Circuit Court of Appeals; or if the Eighth Circuit Court of Appeals grants the application for an appeal and on the appeal this Court's order is affirmed, each plaintiff shall have thirty days after the mandate is received by this Court within which to file a separate complaint, stating a cause of action based upon transactions and occurrences which have been the object of the complaint herein."